**UNIVERSAL TRANSISTOR PRODUCTS CORP., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 61-C-654.

United States District Court
E. D. New York.

Feb. 27, 1963.

Joseph Sachter, New York City, for plaintiff. Lewis, MacDonald & Varian,

New York City, of counsel by Robert D. Witte, New York City.

Joseph P. Hoey, U. S. Atty., Eastern District of New York for United States of America. Martin Wright, Asst. U. S. Atty., of counsel.

BARTELS, District Judge.

Plaintiff sues the United States under the Tucker Act (28 U.S.C.A. § 1346(a) (2)) for illegally terminating a contract or, in the alternative, for rescission of the contract. The Government counterclaims for excess costs of reprocurement following the termination and also for liquidated damages as provided in the contract.

On June 27, 1957, plaintiff entered into a contract with the Government to furnish 201 Radiac Computer-Indicators at a unit price of $128.15 and also to furnish maintenance parts and other associated items. While attempting to perform, plaintiff filed a petition for reorganization pursuant to Chapter X of the Bankruptcy Act, and on January 29, 1959, a Trustee in Reorganization was appointed. Thereafter on April 10, 1959, the Government terminated the contract and on May 1, 1959, the Trustee appealed the decision of termination to the Armed Services Board of Contract Appeals, Navy Panel (the Board) pursuant to the disputes clause in the contract. On June 24, 1959, the Contracting Officer demanded payment from the plaintiff for the excess costs of reprocurement and for the liquidated damages and on July 1, 1959, the Trustee appealed this assessment of damages to the Board.

After a hearing the Board on April 19, 1961, denied the appeal relating to the termination (ASBCA No. 5664). Thereafter a hearing was held on the question of the assessment of costs and damages claimed by the Government arising from the termination and the Board again found for the Government and denied the appeal (ASBCA No. 5791). In this latter appeal plaintiff for the first time raised the question of rescission but the Board refused to pass upon the same on the ground that this was a question of law beyond the scope of its review. Both parties now move for a summary judgment on their respective claims.

If plaintiff is successful in rescinding the contract, it is obvious that the question of termination and damages disappears. Therefore, the issue of rescission must be first resolved before further proceedings are entertained.

At the outset, the Court is confronted with the problem of determining whether it has jurisdiction in a Tucker Act suit to determine the rescission issue. Plaintiff has coupled its claim for rescission to its claim for damages arising out of illegal termination of the contract. Over the latter issue the Court has clear jurisdiction, but this issue cannot be determined without first resolving the rescission claim. The fact that these two claims are inconsistent and a preliminary determination in favor of the contract is necessary to justify plaintiff's suit, should be no bar to the Court's jurisdiction. In all breach of contract suits under the Tucker Act, the issue of the existence and validity of a contract is necessarily involved. Other than the fact that in a rescission suit the Court must first determine the existence of the contract, the Court finds no reason, on jurisdictional grounds, to differentiate such a suit from the ordinary breach of contract action under the Tucker Act. While the rescission claim is certainly not a part of the plaintiff's claim for damages, the determination of this claim adversely to the plaintiff is a condition precedent to its claim under the Tucker Act. It is in the nature of incidental equitable relief.[1]

1. The court has power to grant equitable relief in cases arising under the Tucker Act, see Werner v. United States, S.D. Cal.1950, 10 F.R.D. 245, although such relief must be incidental to a claim for money damages, Blanc v. United States, 2 Cir., 1957, 244 F.2d 708. In dismissing the Government's prior motion to dismiss in the instant case, this Court noted that while the rescission claim was a premature reply to the counterclaim, it also contributed support to the claim for

Hence, in the present posture of this case, the Court has power to and must determine *de novo* this question of rescission.

In essence, plaintiff claims that it made a mistake in submitting a ruinously low bid for the manufacture of the units and that the Government had notice of the mistake but failed to give plaintiff similar notice which now places plaintiff in a position to rescind. See Restatement, Contracts, § 503, illustration 1 (1932). To sustain this position plaintiff must demonstrate that a mistake was made and that the Government had notice. Apparently there is no claim that the Government was directly notified of any mistake. Plaintiff, however, relies upon the following: that plaintiff's bid was $128.15 for each unit while the competing bids for the same unit were $260, $318 and $1,010, respectively; that the successful bids for the same units in prior Government contracts were $245 and $277.07, respectively[2]; and that prior to termination plaintiff had already spent $58,000 on a contract totalling $25,000[3].

The Government admits the bid was low but denies that it was aware of any mistake. It also points out that plaintiff confirmed its bid[4] and, furthermore, signed the contract after being apprised by the Government of the low nature of the bid at a conference prior to signing. Plaintiff attacks the verification and states that it is insufficient because it does not satisfy the test set forth in the Armed Services Procurement Regulations[5]. Plaintiff further disputes the occurrences at the conference at which the Government claims that plaintiff was informed of the low character of the bid.

 Not only are material questions of fact presented by this demand but serious questions of law are likewise raised. It is true that in order to prevent unjust enrichment of one party, the Court may relieve the other party of its error when the first party was aware of the error and did not bring it to the attention of the second party.[6] The low nature of the bid alone, however, is not sufficient to justify rescission. Cf., Rumley v. United States, Ct.Cl.1961, 285 F.2d 773. On the other hand, where the discrepancy between bids is so great that the other party knew or should have known that a mistake was made, a basis for rescission exists and a telephonic request for verification is no defense. United States v. Metro Novelty Manufacturing Co., S.D.N.Y.1954, 125 F.Supp. 713.

A further question arises as to whether at this late date plaintiff may obtain rescission. Plaintiff excuses its delay on the ground that it did not become aware of the discrepancy and the history of prior bids until the last Board hearing. While delay alone is not sufficient to bar the claim, prejudice to the Government resulting from such delay may be a defense. Cf., C. N. Monroe Mfg. Co. v. United States, E.D.Mich.1956, 143 F. Supp. 449. This too is a mixed question of law and fact.

money. Universal Transistor Products Corp. v. United States, 61–C–654, E.D. N.Y., June 4, 1962 (Dooling, J.).

2. The Government's answer to the complaint states that on two occasions subsequent to June, 1957, it procured the identical equipment at a unit price of $280.

3. The exact amount of the contract was $36,941.63, which included the 201 Radiac Computer-Indicators at a cost of $25,758.15 and maintenance parts at a cost of $11,183.48.

4. The confirmation is a telegram from plaintiff's general manager to the Bureau of Ships reaffirming the prices and reconfirming "our original bid submission".

5. 32 C.F.R. § 2–406.1, requiring notification of the suspected mistake and verification thereafter from the bidder.

6. Rescission has been granted when a party makes an error of computation, antecedent to the contract, Moffett, Hodgkins, & Clarke Company v. City of Rochester, 1900, 178 U.S. 373, 20 S.Ct. 957, 44 L.Ed. 1108, or was supplied with the wrong information by a third party, Kemp v. United States, D.Md.1941, 38 F.Supp. 568, or neglects to include the cost of the major part of an assembly, C. N. Monroe Mfg. Co. v. United States, E.D.Mich.1956, 143 F.Supp. 449.

The foregoing demonstrates that the question of rescission cannot be decided by summary proceedings but must be remanded for trial and since it is a matter arising in a bankruptcy proceeding, an application for preference would be in order. If the question of rescission is determined adversely to the plaintiff, the parties may renew their motions for summary judgment.

Settle order within ten (10) days on two (2) days' notice.