Vincent ZITO, Plaintiff,

v.

Anthony J. TESORIERO, Property Clerk of the Suffolk County Police Department, John L. Barry, Commissioner of Police of the Suffolk County Police Department, County of Suffolk, Richard Leone, Frederick Marangio, Joseph Chiofalo and United States of America, Defendants.

Civ. A. No. 64-C-1166.

United States District Court
E. D. New York.

Feb. 15, 1965.

Bennett E. Aron, West Hempstead, N. Y., for plaintiff.

Joseph P. Hoey, U. S. Atty., E. D. New York, Brooklyn, N. Y., Peter H. Ruvolo, Asst. U. S. Atty., of counsel, for defendants.

MISHLER, District Judge.

Defendant, United States of America, moves pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for an order dismissing the complaint against it upon the ground that the Court has no jurisdiction over the subject matter. The United States also moves to intervene as a plaintiff pursuant to Rule 24(a)(3) and 24(b)(2) of the Federal Rules of Civil Procedure.

Plaintiff, in his complaint, has asked for a judgment declaring him to be the rightful owner of all the property that is the subject of the instant action. The United States was made a party-defendant due to its claim to portions of the property under the Internal Revenue Laws. The United States removed the action from the Supreme Court, State of New York, to this Court, and then obtained an extension of time to answer. Affidavit of Bennett E. Aron, February 9, 1965, p. 3.

The United States is protected from suit by the doctrine of sovereign immunity. United States v. Shaw, 1940, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888. It may be sued only to the extent that it waives such immunity. Pennsylvania R. R. v. United States, 1953, D.N.J., 111 F.Supp. 80. The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, does not grant the consent of the United States to be sued, Balistrieri v. United States, 1962, 7th Cir., 303 F.2d 617; it merely enlarges the remedies available to litigants. Further, the actions of the United States in the instant action do not

indicate an intent to waive immunity. See United States v. Shaw, supra. The motion to dismiss must therefore be granted. See Anderson v. United States, 1956, 5th Cir., 229 F.2d 675.

 The United States has claims for income taxes due it from various parties in the instant action and, in fact, has asserted tax liens against the plaintiff and some of the defendants. Distribution or disposition of the property in issue would, therefore, have an adverse effect upon the claims and liens of the United States. See 4 Moore, Federal Practice ¶24.09, p. 45 (2d ed. 1950). The motion to intervene should likewise be granted.

Motion granted.

Settle order on two (2) days notice.