**Billy Steve BEAVERS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 68-H-679.

United States District Court
S. D. Texas,
Houston Division.

Oct. 30, 1968.

Rudolf E Gaulke, Houston, Tex., for plaintiff.

William B. Butler, Asst. U. S. Atty., Houston, Tex., for defendant.

MEMORANDUM:

CONNALLY, Chief Judge.

Plaintiff brought this action for damages under the Federal Tort Claims Act, Title 28 U.S.C. §§ 1346(b), 2671 et seq., alleging that he sustained injuries when a truck being driven by an employee of the United States Post Office Department collided with the automobile which he was driving. This collision is alleged to have occurred on or about June 16, 1967. The defendant has filed a motion to dismiss pursuant to Fed.R. Civ.P. 12(b) alleging that this Court is without jurisdiction in that plaintiff has never filed a claim with the United States Post Office Department pursuant to Title 28 U.S.C. § 2675(a).

Title 28 U.S.C. § 2675(a), as amended July 18, 1966, Pub.L. 89–506, § 2, 80 Stat. 306, has not been subjected to interpretation in any published opinion. Prior to that amendment the statute read as follows:

"An action shall not be instituted upon a claim against the United States which has been presented to a federal agency, for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his authority, unless such federal agency has made final disposition of the claim."

The decisions interpreting the above quoted statute have held that the filing of an administrative claim is not a prerequisite to filing or maintaining a civil action under the Federal Tort Claims Act. Schlingman v. United States, 229 F.Supp. 454 (S.D.Cal.1963); Whistler v. United States, 252 F.Supp. 913 (D.C.Ind. 1966).

The present case is controlled by the statute as amended July, 1966, which provides as follows:

"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency * * *".

It is the opinion of this Court that the clear language of the amended statute dictates the conclusion that filing an administrative claim is now a prerequisite to filing or maintaining a civil action under the Federal Tort Claims Act. Such a conclusion is amply supported by the legislative history accompanying the amendment. Senate Report No. 1327, 89th Cong., 2nd Sess., U.S.Code Cong. and Adm.News, p. 2515 (1966).

In accordance with the foregoing, the Government's motion to dismiss is granted.

The clerk is directed to file this Memorandum and to furnish copies to counsel for all parties.

Counsel for the Government will present an appropriate order promptly.