### CAMBRIDGE FOREST APART-MENTS, INC.

v.

### The UNITED STATES of America.

### Civ. A. No. 12992.

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 29, 1969.

Mitchell, Clarke, Pate & Anderson, Atlanta, Ga., for plaintiff.

John W. Stokes, Jr., U. S. Atty., Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for defendant.

### ORDER

EDENFIELD, District Judge.

Plaintiff has brought this action under the Tort Claims Act, 28 U.S.C. § 1346(b), to recover the value of personalty owned by plaintiff which has allegedly been misappropriated, damaged or destroyed by the United States, as well as the rental value of its personal property under four leases, and to secure injunctive relief preventing a change in the status of plaintiff's personalty, pending the outcome of this action.

The defendant has filed a motion to dismiss on the ground that the court lacks jurisdiction to afford injunctive relief against the Government and because of plaintiff's failure to exhaust administrative remedies under the Federal Tort Claims Act.

Because of our determination that jurisdiction is absent under the Tort Claims Act, at this point in time, we need not consider whether the court lacks power to issue the injunctive relief sought.

---

**1192**

 Under 28 U.S.C. § 2675(a), as amended July 18, 1966: [1]

"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of any agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, crossclaim, or counterclaim."

Prior to its amendment, it had been recognized that the filing of an administrative claim under § 2675(a) was not a prerequisite to maintaining a civil action in federal court under the Tort Claims Act. Schlingman v. United States, 229 F.Supp. 454 (S.D.Cal. 1963); Whistler v. United States, 252 F.Supp. 913 (D.C.Ind. 1966). Nor did the language of § 2675(a), prior to its amendment, compel a contrary result.[2] However, the present language of the statute, and the case law interpreting it, make it crystal clear that it is now a prerequisite to the filing or maintaining of a civil action under the Tort Claims Act that an administrative claim under § 2675(a) be filed. Miller v. Sanders, No.

12483, Mar. 19, 1969, N.D.Ga., (per Smith, J.). As one court put it:

"It is the opinion of this Court that the clear language of the amended statute dictates the conclusion that filing an administrative claim is now a prerequisite to filing or maintaining a civil action under the Federal Tort Claims Act. Such a conclusion is amply supported by the legislative history accompanying the amendment. Senate Report No. 1327, 89th Cong. 2nd Sess., U.S.Code Cong. and Adm. News, p. 2515 (1966)." Beavers v. United States, 291 F.Supp. 856, 857 (S.D.Tex.1968).

 In the instant action the plaintiff has neither alleged that such administrative exhaustion has been accomplished nor has it answered the Government's motion to dismiss. It is the understanding of the court that no such administrative action has even been initiated.

Therefore, the defendant's motion to dismiss is granted, without prejudice to a later action in this court after compliance with 28 U.S.C. § 2675(a).

---

1. The 1966 amendment applies to claims accruing six months or more after July 18, 1966.

2. "An action shall not be instituted upon a claim against the United States which has been presented to a federal agency, for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his authority, unless such federal agency has made final disposition of the claim."