Cheryl **GARLAND**, a minor, by her mother and next friend, Wanda Garland, Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

No. 17967–4.

United States District Court,
W. D. Missouri, W. D.

March 18, 1970.

Martha Sperry Hickman, Kansas City, Mo., for plaintiff.

Bert C. Hurn, U. S. Dist. Atty., Paul Anthony White, Asst. U. S. Dist. Atty., Kansas City, Mo, for defendant.

## MEMORANDUM AND ORDER DISMISSING CASE WITHOUT PREJUDICE

ELMO B. HUNTER, District Judge.

This matter is presently before the Court upon defendant's motion to dismiss filed January 21, 1970, pursuant to Rule 12(b), F.R.Civ.P. Plaintiff has offered no opposition to this motion by way of response.

This is an action against the United States of America to recover damages for personal injuries allegedly sustained in a vehicular collision between an automobile in which plaintiff was a passenger and an automobile driven by an employee of the United States Army Corps of Engineers. Plaintiff alleges that defendant's employee was acting within the scope of his employment at the time of the accident in question and that through that employee's negligence plaintiff was injured. Although plaintiff does not allege it, she apparently seeks recovery under Title 28, Chapter 171 (The Federal Tort Claims Act).

As grounds for its motion, defendant contends that plaintiff has not complied with 28 U.S.C. § 2675(a) and that plaintiff's action in this Court is, therefore, premature.

As amended in 1966, the provisions of 28 U.S.C. § 2675(a) read as follows:

"(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal Agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

Under Public Law 89–506, 80 Stat. 306, this provision is applicable to claims accruing six months after July 18, 1966. Plaintiff affirmatively alleges that the collision in question occurred November 7, 1969. In view of the fact plaintiff does not allege compliance with 28 U.S.C. § 2675(a) and has not offered any showing of such compliance elsewhere in the record, it appears that her action in this Court is, indeed, premature. See: Beavers v. United States, 291 F.Supp. 856 (S.D.Texas 1968); and Senate Report No. 1327, 89th Cong., 2nd Sess., U. S. Code Cong. and Admin. News, p. 2515 (1966).

Accordingly, the above-styled case is hereby dismissed without prejudice in favor of plaintiff's exhaustion of her administrative remedies as required by 28 U.S.C. § 2675(a).

It is so ordered.