**John M. BLAZE, Plaintiff,**

v.

**Franklin B. MOON, District Engineer, Galveston, Texas District, U. S. Corps of Engineers, Defendant.**

**Civ. A. No. 69–G–129.**

United States District Court, S. D. Texas, Galveston Division.

June 26, 1970.

Clarke G. Ward, Houston, Tex., for plaintiff.

W. L. Bowers, Asst. U. S. Atty., and Anthony Farris, U. S. Atty., Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

NOEL, District Judge.

Plaintiff, a former employee of the United States Corps of Engineers, sues to enjoin alleged discriminatory employment, advancement, and retention practices. The case is before the Court on defendant's motion to dismiss for lack of jurisdiction or failure to state a claim.

The jurisdictional basis of this suit has been the subject of protracted pleading. In his original complaint, plaintiff relied on 28 U.S.C. § 1343, a jurisdictional provision, and 42 U.S.C. § 1983, one of the Civil Rights Statutes. The first amended complaint incorporated prior allegations by reference, and further contended that an Executive Order and certain regulations relating to employment practices of federal agencies gave this Court jurisdiction. Plaintiff's second amended complaint, with supporting brief, incorporated the prior jurisdictional allegations and added the Tucker Act and the Fifth Amendment to the potpourri.

█ A preliminary problem is identification of the defendant. The complaint names as defendant the District Engineer, Galveston, Texas District, United States Corps of Engineers, and alleges that "discriminatory practices by the Defendant is the official policy of said Defendant, its agents and officers * * *" A suit against an officer of the United States is one against the United States itself if the effect of the judgment would be to "restrain the Government from acting, or to compel it to act." Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 704, 69 S.Ct. 1457, 1468, 93 L.Ed. 1628 (1949). Accordingly, this must be treated as a suit against the United States.

██ Plaintiff first alleges jurisdiction by reason of 28 U.S.C. § 1343 in conjunction with 42 U.S.C. § 1983. The jurisdictional grant of § 1343 does not stand alone; it creates jurisdiction only if the action is otherwise authorized by law. Harkless v. Sweeny Independent School District, 300 F.Supp. 794, 807 (S.D.Tex. 1969), rev'd on other grounds, 427 F.2d 319 (5th Cir. June 2, 1970). Here, plaintiff contends that liability is created by § 1983. However, no cause of action is stated under that statute unless it is alleged that the wrongdoing officer is acting under color of state law. United States v. Faneca, 332 F.2d 872 (5th Cir. 1964), certiorari denied 380 U.S. 971, 85 S.Ct. 1327, 14 L.Ed.2d 268 (1965). Norton v. McShane, 332 F.2d 855 (5th Cir. 1964), certiorari denied 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965). As the indispensable ingredient of state action is lacking, this portion of the complaint must be dismissed for failure to state a cause of action.

█ The second asserted basis for this suit is Exec. Order No. 10,925, 3 C.F.R. 448 (1961), superseded by Exec. Order No. 11,246, 3 C.F.R. 339 (1965) and Exec. Order No. 11,478, 34 Fed.Reg. 12985 (1969), as implemented by the Civil Service Regulations at 5 C.F.R. Part 713 (1970). This Order and its successors constitute a formulation of policy by the President for the guidance of federal agencies. Congress of Racial Equality v. Commissioner, Social Security Administration, 270 F.Supp. 537 (D.Md. 1967). They do not create a private cause of action. Farkas v. Texas Instruments, Inc., 375 F.2d 629, 633 (5th Cir. 1967); Gnotta v. United States, 415 F.2d 1271 (8th Cir. 1969), certiorari denied 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970). *See generally*: Comment, Racial Discrimination in the Federal Civil Service, 38 Geo. Wash.L.Rev. 265 (1969).

Plaintiff next asserts that the Court has jurisdiction under the Tucker Act, 28 U.S.C. § 1346(a) (2), which provides that the District Court shall have jurisdiction, concurrent with the Court of Claims, of:

Any other civil action or claim against the United States, not exceed-

ing $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The contention of plaintiff is that he has been denied equal protection of the laws as incorporated in the Due Process Clause of the Fifth Amendment. *See* Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). The second leg of the argument is that his claim is thus founded upon the Constitution for the purpose of jurisdiction under the Tucker Act. Alternatively, plaintiff urges that Exec. Order No. 10,925 is a regulation within the meaning of that Act.

■ ■ It is unnecessary to consider whether the Fifth Amendment or the Executive Order gives rise to the cause of action here asserted. It has long been recognized that the United States cannot be sued without its consent. Kansas v. United States, 204 U.S. 331, 27 S.Ct. 388, 51 L.Ed. 510 (1907). The Tucker Act represents only a limited concession by the Government. One of its limitations is that it is available only to those who seek monetary damages. It does not give consent to suits where declaratory, injunctive, or other equitable relief is sought. United States v. Jones, 131 U.S. 1, 9 S.Ct. 669, 33 L.Ed. 90 (1889); Wells v. United States, 280 F.2d 275 (9th Cir. 1960); R.E.D.M. Corporation v. LoSecco, 291 F.Supp. 53 (S.D. N.Y. 1968), aff'd 412 F.2d 303 (2d Cir. 1969).

Since plaintiff seeks an injunction, he has asked for relief which is beyond the power of this Court to grant. Accordingly, the suit must be dismissed for want of jurisdiction.[1]

1. The disposition of this case makes it unnecessary to consider whether, as the Government contends, plaintiff has failed to exhaust his administrative remedies.