Edmund P. TURTZO and Martin
E. Zernick

v.

The UNITED STATES of America.

Civ. A. No. 71–2288.

United States District Court,
E. D. Pennsylvania.

Aug. 28, 1972.

E. P. Turtzo, Bangor, Pa., for plaintiffs.

Sidney D. Kline, Jr., Reading, Pa., S. Cistone, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This cause of action arises from the condemnation of land by the United States Government for its "Tock's Island Project". The dispute concerns two tracts of land situated in Tract 318 of the project in Northampton County, Pennsylvania, which were condemned by the Government on May 18, 1967. In their amended complaint, plaintiffs allege that they are the record title holders of the two tracts in question, having purchased them from Northampton County at a tax sale on July 6, 1970. Plaintiffs further allege that an inspection of the land revealed certain indicia of possession of the land by the United States Government, including land markers and signs. Following several meetings with the United States Attorney and the United States Army Corps of Engineers, plaintiffs filed the instant suit, seeking (1) injunctive relief, restraining the Government from further trespass on said tracts allegedly owned by plaintiffs; (2) damages for past and continuing trespass and/or (3) just and adequate compensation if it shall be determined that the defendant has exercised its right of eminent domain.

The United States has moved to dismiss the amended complaint for lack of jurisdiction and for failure to state a claim for which relief can be granted. Specifically, the Government sets forth the following grounds for dismissal: (1) Neither the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., nor the Tucker Act, 28 U.S.C. § 1346, authorize injunctive relief against the United States; (2) Plaintiffs are not entitled to damages for trespass in that they failed to initially present their claim to the appropriate federal agency, as required under federal tort claims procedure. 28 U.S.C. § 2675; (3) Plaintiffs seek compensation in excess of $10,000, which deprives the District Court of jurisdiction under the Tucker Act. 28 U.S.C. § 1346(a) (2); and (4) Absent its consent, the United States cannot be sued, and plaintiffs have alleged no act, under which they are proceeding, granting such consent.

Plaintiffs have failed to set forth in their complaint the specific acts of Congress under which they have a right to sue the United States, notwithstanding the fact that they have been granted the opportunity to amend their complaint. Initially, it is manifest that plaintiffs' claim is not governed by the eminent domain provision of Title 28, 28 U.S.C. § 1358, or Rule 71A et seq. of the Federal Rules of Civil Procedure, for those rules provide only jurisdiction and procedure for condemnation of land *by* and *for the use* of the United States. Since this present action is a proceeding against the United States, the aforementioned provisions are inapplicable.

It is well established that the United States cannot be sued without its consent, and that it is the burden of he who institutes a suit against the United States to allege an act of Congress which authorizes such suit. Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8

L.Ed.2d 168 (1962); Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). Moreover, where the jurisdiction of the District Court is challenged, "the presumption in every stage of a cause [is] . . . that it is without the jurisdiction of a court of the United States unless the contrary appears from the record." Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327, 336–337, 16 S.Ct. 307, 40 L.Ed. 444 (1895), quoted in Miller & Lux v. East Side Canal & Irrigation Co., 211 U.S. 293, 302, 29 S.Ct. 111, 113, 53 L.Ed. 189 (1908) and in McSparran v. Weist, 402 F.2d 867 (3d Cir. 1968), cert. denied, sub nom. Fritzinger v. Weist, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969). In the instant case, plaintiffs have failed to designate any act of Congress authorizing suit and, therefore, have failed to establish the Court's jurisdiction over their suit. Two possible jurisdictional bases both raised by defendant, appear on the record before us and, therefore, merit discussion.

■■ The first of the statutory provisions is the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., in which the United States has given its consent to be sued for damages caused by its tortious conduct. In the instant case, plaintiffs seek damages for past and continuing trespass by the United States, which sounds in tort and, therefore, is governed by the Act. One of the procedural prerequisites to establishing federal jurisdiction is that a claim against the United States is initially presented to the appropriate federal agency. Specifically, the Act provides as follows:

"(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . ." 28 U.S.C. § 2675(a).

Since this section was amended in 1966, it has been the uniform interpretation of the courts that the presentation of a claim to the appropriate governmental agency is a jurisdictional prerequisite to the filing of a suit under the Act. Bialowas v. United States, 443 F.2d 1047 (3d Cir. 1971); Garland v. United States, 310 F.Supp. 225 (W.D.Mo.1970); Cambridge Forest Apartments v. United States, 307 F.Supp. 1191 (N.D.Ga.1969); Gunstream v. United States, 307 F.Supp. 366 (C.D.Cal.1969); Beavers v. United States, 291 F.Supp. 856 (S.D.Tex.1968). Plaintiffs contend that they fulfilled this requirement in that they notified the United States Army through the office of the Army Engineers in East Stroudsburg, Pennsylvania, and held several conferences with representatives of the United States Attorney's office. The notification and conferences do not, however, meet the requirements of 28 C.F.R. § 14.2 which provides that a claim shall be deemed presented when a federal agency receives from a claimant an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain. In the instant case, there is no indication that a specific sum was set forth in the claim and, for that matter, that any claim, within the meaning of the regulations, was presented at all. Since the presentation requirement is jurisdictional and cannot be waived, this Court lacks jurisdiction under the Federal Tort Claims Act, Bialowas v. United States, *supra*, 443 F.2d at 1049, and, ac-

cordingly, plaintiffs' claim for damages thereunder will be dismissed.

The second jurisdictional provision which has been raised is the Tucker Act, 28 U.S.C. § 1346, which provides in pertinent part as follows:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

.    .    .    .    .    .

"(2) Any other civil action or claim against the United States, *not exceeding $10,000 in amount, founded either upon the Constitution,* or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort  .  .  .  ."

In the instant case, plaintiffs seek just and adequate compensation if it shall be determined that the United States has exercised its right of eminent domain. Plaintiffs claim to be the record title holders of two tracts of land consisting of 427 and 394 acres of land respectively.   Moreover, plaintiffs allege in their complaint that the fair market value of these tracts amounts to $1000 per acre. Since the sum total of this assessment would amount to substantially more than the $10,000 maximum jurisdictional limit of Section 1346(a)(2), the Court lacks jurisdiction over the compensation claim.   Ove Gustavsson Contracting Co. v. Floete, 278 F.2d 912 (2d Cir. 1960); George H. Evans & Co. v. United States, 169 F.2d 500 (3d Cir. 1948).

Finally, at oral argument, plaintiffs have withdrawn their demand for injunctive relief.   Such a course seems appropriate for neither the Federal Tort Claims Act nor the Tucker Act authorize injunctive relief against the United States, See Anderson v. United States, 229 F.2d 675 (5th Cir. 1956); Blaze v. Moon, 315 F.Supp. 495 (S.D.Tex.1970).

Accordingly, defendant's motion to dismiss the amended complaint will be granted.