**Virgil M. LEDFORD, Plaintiff-Appellant,**

v.

**CORPS OF ENGINEERS OF the UNITED STATES et al., Defendants-Appellees.**

**No. 74–8095.**

United States Court of Appeals, Sixth Circuit.

Decided July 16, 1974.

---

Charles W. Curry, Shuffett, Kenton & Curry, Lexington, Ky., Lee B. Ledford, Harlan, Ky., for plaintiff-appellant.

Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., for defendants-appellees.

Before McCREE, LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

Plaintiff-Appellant moves for a stay of the order of the district court entered May 6, 1974 dissolving a temporary restraining order (which had expired by virtue of Rule 65(b) F.R.Civ.P.), denying plaintiff's motion for a preliminary injunction, denying a stay of the district court's order, and dismissing the action. The district court also determined that its order of May 6, 1974 was a final appealable order. We agree because it terminated the action. Plaintiff-Appellant, in the alternative, moves for a temporary restraining order or preliminary injunction pending final resolution of this appeal. He also moves this court to advance the appeal for hearing.

Appellant filed a complaint, April 12, 1974, to enjoin defendants from proceeding to take by condemnation a certain tract of land owned by appellant in Harlan County, Kentucky. Jurisdiction was asserted under Article III, Section 2 of the United States Constitution and under 58 (sic) U.S.C. § 1358. The district court issued a temporary restraining order on April 17, 1974, but after a hearing on May 6, 1974, entered an order granting defendants-appellees' motion to dismiss the action and denied appellant's motion for a preliminary injunction. The district court found that a Declaration of Taking affecting the subject land had been filed on April 4, 1974 and that judgment had been entered thereon on April 5, 1974—seven days before this action was commenced on April 12, 1974.

■ Appellant relies primarily upon United States v. 58.16 Acres of Land, etc., 478 F.2d 1055 (7th Cir. 1973), where Chief Judge Swygert recognized that there is a narrow exception to the general rule of judicial nonreviewability of an administrative decision to condemn a particular tract of property. However, that decision holds that a court may consider only a contention that property is not being taken for a public use. Once a court decides that the taking of property is for a public use, then the judicial function is exhausted, and the extent, amount, or title of property to be taken lies within administrative determination, subject only to the requirement that just compensation be paid. This limitation on the power of courts to review condemnation proceedings was stated by Mr. Justice Douglas for a unanimous court in Berman v. Parker, 348 U.S. 26, 35, 75 S.Ct. 98, 104, 99 L.Ed. 27 (1954):

> It is not for the courts to oversee the choice of the boundary line nor to sit in review on the size of a particular project area. Once the question of the public purpose has been decided, the amount and character of land to be taken for the project and the need for a particular tract to complete the integrated plan rests in the discretion of the legislative branch.

Accord, United States ex rel. TVA v. Two Tracts of Land, 456 F.2d 264 (6th Cir. 1972).

The complaint in this appeal concedes the public purpose of the Martins Fork Dam and Reservoir Project, but complains "[t]hat Engineers have taken and intend to take much larger areas of land than reported to the Congress and the public, contrary to regulations promulgated by the Secretary of the Army . . . ." and that "[t]he District Engineer arbitrarily and capriciously intends to take all of Tract 115 [containing plaintiff's land], knowing full well that his own subordinates have recommended that only two acres of the land be condemned, that being all that is needed for the Dam and the highway construction."

■ Appellant's contentions are just the kinds that Berman v. Parker, *supra*, holds are to be decided by the condemning agency, not subject to review by the courts. Also, United States v. 58.16 Acres of Land, etc., *supra*, relied on by appellant, is distinguishable because property owners there charged that the subject property was not being taken for public use.

But there is an important procedural difference as well. In the 7th Circuit case, the property owners raised their objections to the condemnation action in their answer pursuant to Rule 71A(e), F.R.Civ.P., which provides, after permitting the filing of an answer, "A defendant waives all defenses and objections not so presented. . . ." In the case on appeal, instead of filing an answer in the condemnation action, appellant pursued a collateral attack by filing a complaint ostensibly pursuant to 58 (sic) U.S.C. § 1358. The designation of Title 58 is obviously a typographical error, and 28 U.S.C. § 1358 was intended as the jurisdictional basis for this action. Section 1358 of Title 28 provides:

> The district courts shall have original jurisdiction of all proceedings to condemn real estate for the use of the United States or its departments or agencies.

■ This provision of the Judiciary Act was intended as a grant of jurisdiction to the district courts of actions brought *by* the United States and not of actions that might have an eminent domain nexus brought against the government. Turtzo v. United States, 347 F. Supp. 336 (E.D.Pa.1972). No other basis for jurisdiction has been asserted, and it therefore appears that the appeal is not within the jurisdiction of the court.

■ Since we determine that the federal courts are without jurisdiction to entertain this action as filed, it is unnecessary to decide whether a declara-

tion of taking may be collaterally attacked.

Accordingly, the appeal will be dismissed pursuant to Rule 8, Rules of the Sixth Circuit.

Dismissed.