**Robbie S. GUNSTREAM, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 69–685–R.**

United States District Court
C. D. California.
Dec. 29, 1969.

Robert C. Proctor, Weinstein, Shelley & Proctor, Alhambra, Cal., for plaintiff.

Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief of Civil Division, Eugene Kramer, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

## MEMORANDUM OPINION

REAL, District Judge.

Plaintiff Robbie S. Gunstream was operating a 1963 Volkswagen in El Monte, California on April 22, 1967.

While driving northbound on Peck Road and its intersection with McBean, plaintiff's car collided with a United States Post Office Truck driven by an employee of the United States Post Office. Defendant has admitted employment and scope of employment.

At the time of the collision plaintiff was 22 years of age.

On August 24, 1967 Claim For Damage or Injury was filed with the Post Office Department by Syrell S. Gunstream and Dorothy E. Gunstream for alleged injuries and property damage arising out of the collision of April 22, 1967. On the same date the Inter-Insurance Exchange of the Auto Club of Southern California filed a claim for property damage to said 1963 Volkswagen.

On November 22, 1967 Syrell S. Gunstream was advised of deficiencies in his claim and specifically pointing out:

"It is assumed that the personal injury phase is on behalf of your son, Robbie Stanley Gunstream, who was operating your car at the time of the accident. If he is under 21 years of age, the claim will have to be filed by you and your wife as his parents and natural guardian. Of course, if he is 21 years of age or older, he will file the claim in his own name."

Property damage claims were settled and paid by the Post Office Department.

On April 10, 1969 plaintiff filed his action in this Court.

On May 8, 1969 plaintiff Robbie S. Gunstream filed an Amended Claim For Damage or Injury.

The action is at issue and now comes before the Court on defendant's Motion for Summary Judgment.

There is no dispute in the facts and therefore the Motion for Summary Judgment can be decided by the Court upon the disputed interpretation of the claim requirements of the Federal Tort Claims Act.

### 1. *The August 24, 1967 claim.*

The Federal Tort Claims Act as amended effective July 18, 1966 is explicit in the requirements for invoking the jurisdiction of this Court to hear personal injury claims against a United States governmental agency.

Title 28 U.S.C. § 2675 provides in its pertinent part:

> § 2675. *Disposition by federal agency as prerequisite; evidence*
>
> (a) An action shall not be instituted upon a claim against the United States * * * [for] personal injury * * * caused by the negligent or wrongful act * * * of an employee of the government while acting within the scope of his * * * employment unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing * * *."

Plaintiff argues that the claims filed August 24, 1967 are in substantial compliance with the requirements of the Federal Tort Claims Act.

Pursuant to the authority of 28 U.S.C. § 2672, the claim procedure for an administrative claim under the Federal Tort Claims Act is implemented by 28 Code of Federal Regulations, Part 14. A review of these regulations makes apparent the deficiencies of the August 24 claim.

28 CFR § 14.3(b) and (3) provides in its pertinent part:

> "(b) A claim for personal injury may be presented by the injured person, his duly authorized agent, or legal representative.
>
> (c) * * *
>
> (d) * * *
>
> (e) A claim presented by an agent or legal representative shall be presented in the name of the claimant, be signed by the agent or legal representative, show the title or legal capacity of the person signing, and be accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative."

A review of the August 24 claim discloses it is completely devoid of representative capacity by the claimants therein Syrell S. Gunstream and Dorothy E. Gunstream. If, as plaintiff claims, this was in fact his claim, the deficiencies had not been corrected at the time of the filing of the complaint herein even though they were called to the attention of his parents by letter of the Post Office Department dated November 22, 1967.

There is still another compelling reason why the August 24 claim is totally inadequate to invoke the jurisdiction of this Court on behalf of plaintiff.

28 CFR § 14.2 requires that the claim be made for "money damages in a sum certain for * * * personal injury * * *". The August 24 claim was for an undetermined amount and again no effort was made to correct any defect in the claim until after filing of the suit herein and more than two years after the injuries claimed.

The claim of August 24 insofar as it purported to make claim for personal injury to plaintiff was a nullity and can-

not be used to establish the jurisdiction of the Court in this proceeding.

## 2. *Filing of suit as a claim*

Plaintiff contends that the filing of suit herein meets the requirements of 28 CFR § 14.2. A simple reading of the statutory authorization for suit in tort claims against the United States lays to rest this interpretation.

28 U.S.C. § 2675(a) clearly provides *"an action shall not be instituted * * *"* unless the claimant shall have *first* presented the claim to the appropriate Federal agency * * *". It is significant that the language is *"instituted"* not *"prosecuted."* To give plaintiff's interpretation to this language would wholly emasculate clear language creating a condition precedent to suit.

■ Congress in enacting the Federal Tort Claims Act was impinging on the doctrine of sovereign immunity. The conditions put upon the exercise of the privilege created call for literal interpretation of the procedure for filing an administrative claim and the time limitations applicable thereto.

■ Filing suit does not meet the requirement of first presenting a claim to the appropriate governmental agency.

## 3. *The claim of May 8, 1969.*

■ The injuries alleged occurred on April 22, 1967. The May 8 claim was the first claim presented to an appropriate agency on behalf of plaintiff. It came too late! The result appears harsh in light of the amount of the claim filed at this late date but the facts are so. If we could reverse the order of filing of complaint and claim, plaintiff would still be in Court. There is nothing here that tolls the period of limitation. Lomax v. United States, D.C., 155 F. Supp. 354.

In view of the foregoing the Court need not here decide the question of release resulting from the settlement of the August 24 claim.

The motion for summary judgment is granted.