Patricia Ann YOUNG et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 1161.

United States District Court,
S. D. Georgia,
Brunswick Division.

March 11, 1974.

Joseph Jones, Jr., Hill, Jones & Farrington, Savannah, Ga., for plaintiffs.

Edmund A. Booth, Jr., Asst. U. S. Atty., Augusta, Ga., for defendant.

## ORDER ON GOVERNMENT'S MOTION TO DISMISS

LAWRENCE, Chief Judge.

In the above captioned actions for wrongful death under the Federal Tort Claims Act the Government has moved to dismiss on the ground of non-compliance with certain formalities required by the Regulations adopted pursuant to such statute.

Under the Tort Claims Act, the United States is liable in tort in the same manner and to the same extent as a private individual under the circumstances. 28 U.S.C. § 2674. No such action shall be instituted against the United States unless the claimant shall have first presented to the appropriate Federal agency a claim which shall have been denied by the agency in writing. 28 U. S.C. § 2675(a).

Under the Regulations governing administrative claims pursuant to the Federal Tort Claims Act, the claimant or his

duly authorized agent or legal representative is required to file an executed Standard Form 95 or other written notification of an incident accompanied by a claim for money damages in a sum certain. 28 C.F.R. § 14.2(a). The Regulations further provide (28 C.F.R. § 14.3) that

"(b) A claim for personal injury may be presented by the injured person, his duly authorized agent, or legal representative.

(c) A claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert its claim in accordance with applicable State law." 28 C.F.R. § 14.3.

A claim by an agent or legal representative shall be presented in the name of the claimant; "be signed by the agent or legal representative, show the title or legal capacity of the person signing, and be accompanied by evidence of his authority to present a claim on behalf of claimant as agent, executor, administrator, parent, guardian, or other representative". 28 C.F.R. § 14.3(3).

The death claims involved here grew out of an explosion at the Thiokol Chemical Company plant in Camden County, Georgia, in 1971 in which 28 employees were killed and many others injured.

The Government's motion to dismiss is addressed to five of the death claims sued for in the action. In each of them it is contended that the Court lacks jurisdiction to entertain suit against the United States because of failure to comply with the statute and Regulations.

In each instance the Department of the Army, acting through the General Claims Division, disapproved on January 24, 1973, the death claims on the ground of the lack of any showing of negligence on the part of the United States or its employees which is "a condition precedent to the favorable consideration of the claim".

The relevant facts with regard to each of the five death claims are as follows:

## I

### Death of Pearlie Mae Hutcninson

The action under the Federal Tort Claims Act for the death of Pearlie Mae Hutchinson is brought by Patricia Ann Young, Alvin Hutchinson and Kenneth Tyrone Hutchinson, minors, by next friend, Dolly Young.[1]

Under date of October 12, 1972, a claim was filed by Dolly Young in connection with the death of her daughter, Pearlie Mae Hutchinson, who was killed in the explosion in 1971. She named herself as claimant and signed the form: "Dollie Young as Guardian". The form does not mention or identify the three minor children of the decedent who have brought the suit.

According to the record before me, Pearlie Mae Hutchinson was a widow. She left as her survivors: Patricia Ann Young, aged 10; Alvin Hutchinson, aged 9, and Tyrone Kenneth Hutchinson, aged 3. Since the death of Pearlie Mae, it appears that her mother, Dollie Young, has had custody of her three children. In respect to Social Security benefits the grandmother acted as their "legal guardian".

The Wrongful Death Statute of Georgia provides that in the case of the homicide of a wife or mother, the right to sue vests in the husband and/or child or children. Ga.Code Ann. § 105–1306.

## II

### Death of Celia Alberta

Suit has been brought for the value of the life of Celia Alberta by her seven children and her husband who is Jimmy Lee Alberta. The children are Jerome Lucas, Cicero Lucas, Janice Alberta, Daisy Alberta, Mattie Alberta, Jimmie Lee Alberta [Jr.], and Alphonso Alberta. They are minors and sue by their

---

1. Originally, the action was brought by Dolly Young as mother in her own right for the death of her daughter.

next friend, Jimmy Lee Alberta, who is the widower of the deceased.[2]

The record reflects that under date of October 12, 1972, Standard Form 95 was filed in connection with the death of Celia Alberta. The demand for damage was in the amount of $25,000,000. The name of the claimant was given as "Jerome Lucas, et al.". The description of the accident recited: "Celia Alberta, mother of claimant, Jerome Lucas, employed by Thiokol Chemical Company, was killed in explosion". The children of decedent are not mentioned or identified other than "Jerome Lucas, et al.". On November 10, 1972, the husband of Celia Alberta filed a Form 95 claim as her husband, signing same "Jimmy Lee Alberta".

### III

*Death of Gracie Mae Life, Mary Alice Taylor and Ethel Mae Banks*

Since these three claims involve an identical problem, I treat them together.

(a) *Gracie Mae Life*: Under date of November 10, 1972, Promes L. Life individually signed and filed a claim for the death of his wife, Gracie Mae Life, in the Thiokol explosion. No reference appears in the claim to their two minor children, Promes Lee Life, III, aged 7, and Sobrana Ann Life, aged 5.

The suit as originally filed was brought solely by the husband, Promes L. Life. It was amended to include as plaintiffs their two minor children.

(b) *Mary Alice Taylor*: Under date of November 10, 1972, Mack Taylor, Jr., aged 25, filed a claim on Form 95 for the death of his wife, Mary Alice Taylor. The claim was signed by Mack Taylor, Jr. individually. There was no identification of or reference in the administrative claim to the two minor children of the deceased, Maxine Marie Taylor, aged 5, and Ronette Michel Taylor, aged 2. The action for the death of the wife-mother is jointly brought by Mack

Taylor and by Maxine Marie Taylor and Ronette Taylor, minors by next friend, Mack Taylor. The suit was originally filed in the name of Mack Taylor suing for the death of his wife and was subsequently amended by adding the two children as plaintiffs.

(c) *Ethel Mae Banks*: The suit for the death of Ethel Mae Banks was brought by Noah Banks, husband, and by Jerry Banks and N. R. Banks, minors by next friend, Noah Banks. It was originally brought solely by Noah Banks as an individual for the death of his wife. The action was amended to add as plaintiffs the two children of the decedent. The Form 95 claim was signed individually by Noah A. Banks as husband of the decedent. There was no reference therein to the two children, Jerry and Noah Rufus Banks, Jr.

The Government argues in support of the motion to dismiss that it is incumbent upon the plaintiff to show compliance with the jurisdictional prerequisite of filing an administrative claim and that the statutory requirements cannot be waived. See Bialowas v. United States, 443 F.2d 1047 (3rd Cir.); Best Bearings Company v. United States, 463 F.2d 1177 (7th Cir.); Cambridge Forest Apartments, Inc. v. United States, 307 F.Supp. 1191 (N.D., Ga.); Hlavac v. United States, 356 F.Supp. 1274 (N.D., Ill.); Robinson v. United States Navy, 342 F.Supp. 381 (E.D., Pa.); Gunstream v. United States, D.C., 307 F. Supp. 366; Jordan v. United States, 333 F.Supp. 987 (E.D., Pa.); Staley v. United States, 306 F.Supp. 521 (M.D., Pa.); Driggers v. United States, 309 F.Supp. 1377 (D.S.C.); Turtzo v. United States, 347 F.Supp. 336 (E.D., Pa.). See also the Annotation on actions and procedure under the Federal Tort Claims Act in 13 A.L.R.Fed. 772–776.

The defendant contends that since none of the minors who are the object of the Government's motion to dismiss

---

2. As originally brought, the plaintiffs were Jerome Lucas, suing for the death of his mother, and Jimmy Lee Alberta, suing for the homicide of his wife. The complaint was amended to include six other children of Celia Alberta.

presented valid administrative claims, they are not proper parties to these actions and should be dismissed as plaintiffs.

I take it that the United States is presumed to know the law of Georgia under which the right of action for the homicide of a wife and mother vests in the husband and/or children of the deceased.

In the case of the administrative claim filed for the death of Pearlie Mae Hutchinson, neither the existence nor identity of her minor children is shown. Certainly, however, the claim put the Department of the Army on notice that it was filed in behalf of persons who were either minors or insane or incompetent since Dollie Young signed her name "as guardian". Form 95 identified her as the mother of the decedent. It is inferable that the claim was filed on behalf of minor children of Pearlie Mae Hutchinson. The Regulations permit a guardian to present a claim on behalf of the claimant. 28 C.F.R. § 14.-3(3). They require accompanying evidence of authority as agent, executor, "guardian" or other representative. No accompanying evidence was presented as to the guardian status and the Government did not demand same. During the course of the oral argument, this Court remarked that it doubted whether a Government agency has ever demanded such accompanying evidence and the reply from the Assistant United States Attorney was to the effect that that well might be.

I earlier observed that the claim was not declined on any such technical basis. It was denied because there was no "showing" of negligence by the United States. To construe the law and Regulations as permitting a valuable right of minor children to be destroyed by the failure of the "guardian" to show for whom she is acting in that alleged capacity seems to me to be unwarrantably harsh. She had to represent somebody. It does not appear that Dolly Young had qualified as guardian in the Court of Or-

dinary, but apparently she was recognized as a proper "guardian" by the Social Security Administration in respect to benefits for her three grandchildren. In the case of the death of both parents, a grandmother becomes the "guardian" by nature. 39 C.J.S. Guardian & Ward § 3, p. 11.

The claim for the death of Celia Alberta presents a related question. The Government raises no issue as to the claim of her husband, Jimmy Lee Alberta, or her son, Jerome Lucas, who signed the form as claimants. The motion to dismiss is directed to the claims of the six minor children of the deceased who are parties to the action although they were not mentioned or identified in the Form 95 claim. However, the latter did show that Jerome Lucas was the son of Celia Alberta and that the claim for the death was made by "Jerome Lucas, et al.". Of course, the form was not completely filled out since the brothers and sisters of Jerome Lucas were not designated by name. But who else would "et al" likely be than brothers and sisters of Jerome? The husband filed a claim for the death of his wife and, under Georgia law, no other persons except brothers and sisters of Jerome Lucas were entitled to bring an action for the homicide of Celia Alberta.

The administrative claims filed for the death of Gracie Mae Life, Mary Alice Taylor and Ethel Mae Banks offer greater difficulty than the two just discussed. In each instance the claim was filed in the name of the husband alone with nothing to show that he also may have been acting on behalf of her children. The failure to designate the children as claimants had in no way prejudiced the Government at the time it denied the claim presented by the husband for the wife's death. Based on the way the form was filled out, the surviving husband was entitled by the Wrongful Death statute to recover the full value of the life of the wife. Of course, the Government will be prejudiced now if the children have standing to sue

since otherwise any award of damages for the value of decedent's life would have to be reduced *pro tanto*. See Happy Valley Farms v. Wilson, 192 Ga. 830, 16 S.E.2d 720; Lynn v. Wagstaff Motor Co., Inc., 126 Ga.App. 516, 518–519, 191 S.E.2d 324.

The claim procedures under the Federal Tort Claims Act are strictly construed since the statute in question constitutes a waiver of sovereign immunity. Carlson v. United States, 88 F.Supp. 337 (N.D., Ill.). The statutory conditions imposed upon the exercise of the privilege granted to sue the Government "call for literal interpretation of the procedure for filing an administrative claim". Gunstream v. United States, 307 F.Supp. 366, 369 (C.D., Cal.). Where children are involved, however, the approach of some federal courts has been one of liberality, rather than literality. In the instance of a claim of an injured three-year-old child for whom suit was brought under the Federal Tort Claims Act the Fourth Circuit took into consideration the "care with which the law clothes the rights of a child". Stokes v. United States, 444 F.2d 69, 70. The doctrine of waiver by unauthorized persons has said not to apply to an infant's rights under the Federal Tort Claims Act. Dixon v. United States, 197 F.Supp. 798 (W.D., S.C.).

In the present case, a death claim was properly presented in each instance by at least one qualified person on his *own* behalf. The defect or deficiency was that all of the claimants entitled to claim or sue were not listed on Form 95. The claimants omitted were minors. The agency would have denied the claims in any event. And it did.

In several of the cases I examined in preparing this opinion, I note that the Government agency involved called attention of claimants to the incomplete-

ness of their claim form. Here the Army Claims Service did not inquire as to what *other* individuals Jerome Lucas referred when he identified the claimant as himself "et al." Nor did the agency seem concerned as to who the minors were for whom Dollie Young filed a claim as "guardian". Where administrative claims are filed for a death, a claimant "may be required" by the agency to submit the names, addresses, ages and the relationship of the "decedent's survivors". 28 CFR § 14.4(a)(3). Here there was no demand therefor. The Claims Service did not require production of evidence of the authority of the "guardian" who signed the claim in the Hutchinson case or in the instance of Jerome Lucas on behalf of himself and others in the Alberta death claim.

The statute and the Regulation (28 CFR § 14.2) require a claim for money damages in a sum certain. In each of the five death claims there was a statement as to the dollar amount of the claim. It represented the "full value" of the life of the decedent. The existence of children unnamed as claimants would not have increased the demand or the maximum recovery in the case since the right to sue was a joint one under Georgia law and the children were entitled only to their *pro rata* share.[3]

The Tort Claims Act requires a claim by minors as well as adults. Such a claim and a final denial thereof by the appropriate agency are prerequisites to a suit for damages against the United States. Those requirements are jurisdictionally indispensable and are subject neither to waiver or estoppel. See the authorities cited on page 738, *supra*. Those cases involved various degrees of incomplete claim forms. In Gunstream v. United States, *supra*, 307 F.Supp. 366 a young man was injured in an accident while driving his parents' car. His mother and father filed an ad-

---

3. An amendment to the Georgia statute, enacted in 1971, provides that, while the action must be brought jointly, where one or more of those comprising the husband and children desire to bring suit for the death of the mother, he or they may do so and those who did not join in the action may intervene after service of the action upon them. Ga. Code Ann. § 105–1306.

ministrative claim for "injuries" and property damages. The Post Office Department paid the property claim. More than a year after the collision the son filed an amended claim for his personal injuries. Summary judgment was granted to the United States. The Court held that the plaintiff had not complied with the Regulations requiring presentation of a claim "through his duly authorized agent". 28 CFR § 14.-3(b) and (3). The claim filed by the parents for "injuries" was held to be "completely devoid" of any showing by them as to their "representative capacity" for their son as is required by the implementing Regulation, 28 CFR § 14.-3(e).

*Gunstream* is wide of the mark as far as the instant case is concerned. The plaintiff was 22 years of age. The agency had informed his parents that since he had reached his majority, he would have to file his own claim. None was filed. The case before me more nearly resembles Locke v. United States, 351 F.Supp. 185, 187 (D.Hawaii). There the deceased wife filed while a patient in a government hospital an administrative claim for damage based on malpractice. After her death, suit was brought by the husband for himself and as next friend for three minor children. Prior thereto Mr. Locke had filed Form 95 in which he gave only his own name as claimant. The amount of his claim was shown as $250,000. As stated, there was no reference in it to the children. The United States moved to dismiss the action as far as the minor plaintiffs were concerned. It relied on the Regulation requiring claims presented by agents to be in the name of the claimant, a showing of legal capacity of the person signing and supporting evidence of his authority to make the claim as agent, parent, guardian, etc. In denying the Government's motion to dismiss, the Court referred to "judicial unwillingness to permit the United States to stand on technicalities once a claim has been filed" which "is particularly the case," the Court added, "when the

right of children are involved and inequity would result". 351 F.Supp. at 187.

Equally persuasive is Stokes v. United States, *supra*. There an administrative settlement was made by the parents of a three-year-old child for expenses incurred in connection with his injuries. No claim was explicitly made on behalf of such child. Subsequently, the parents requested leave to amend the claim so as to ask for damages for the minor's pain and suffering and disability. The Fourth Circuit reversed the dismissal of the child's suit in view of the solicitude of the law for the rights of children. See 444 F.2d at 70. *Cf*. Muldez v. United States, 326 F.Supp. 692 (E.D., Va.).

I have concluded that the failure to protect the interests of children under the Tort Claims Act is not fatal to jurisdiction where the child possesses a right to claim or sue jointly with individuals who properly filed their own individual claim for the death of the parent. This is particularly true where no prejudice results to the United States and strict reliance on the technicalities of the Regulations would work an injustice on children for whom no proper administrative claim was presented because of the fault or oversight of others.

In the instance of a Government agency declining a tort claim on grounds unrelated to the adequacy or completeness of a claim presented on behalf of a minor, courts should not be hypercritical where

(1) An administrative claim for death of a parent is filed for children by a purported "guardian" or agent and is defective in failing to name the minors, to identify their relationship to the decedent or to provide proof of the legal capacity and authority of the person presenting such claim.

(2) A proper claim is individually presented by the surviving spouse of a decedent and such claimant neglects to name and include as claimants children who possess a joint right of action for the death of their parent.

All of the minor plaintiffs involved in these cases come within either or both of these two categories.

Treating the defendant's motion to dismiss as one for summary judgment under Rule 56 pursuant to Rule 12(b), said motion is denied and overruled.