## EMPLOYEES WELFARE COMMITTEE et al., Plaintiffs-Appellants,

v.

## E. H. DAWS, Postmaster and Area Director U. S. Postal Service, et al., Defendants-Appellees.

No. 77-2063.

United States Court of Appeals, Fifth Circuit.

Aug. 3, 1979.

W. J. Foley, Miami, Fla., for plaintiffs-appellants.

Don R. Boswell, Asst. U. S. Atty., Miami, Fla., for defendants-appellees.

Stephen E. Alpern, Harvey Letter, Associate Gen. Counsel, Washington, D. C., for U. S. Postal Service.

Before AINSWORTH and VANCE, Circuit Judges, and BOOTLE, District Judge.*

VANCE, Circuit Judge:

Employees Welfare Committee (EWC)[1] appeals from an order of dismissal by the United States District Court for the South-

---

\* District Judge of the Middle District of Georgia, sitting by designation.

1. EWC was joined in this dispute by several individual postal employees and the Miami locals of several postal unions. While this action has progressed through the district court and this court other parties aligned with EWC have filed charges with the National Labor Relations Board and have entered into arbitration proceedings with the United States Postal Service.

ern District of Florida.[2] EWC's action as filed sought declaratory relief, an accounting, damages, and injunctive relief for the alleged tortious conversion of its property by Miami Postmaster, E. H. Daws.

For about twenty-five years employees of the Miami Post Office, through EWC, operated various vending machines and concessions at the postal facilities. The committee was formed and operated pursuant to regulations of the Post Office Department, the predecessor to the United States Postal Service.

Under the Postal Reorganization Act the United States Postal Service became subject to the National Labor Relations Act. In 1971 and in 1973 the Postal Service and its various postal unions entered into national collective bargaining agreements. The agreements contained no provision continuing EWC, but the 1973 agreement contained provisions establishing procedures to be followed if the Service decided to change any manuals or regulations governing working conditions. While this agreement was in force the Postal Service unilaterally proposed a personnel handbook, Series P–29, entitled *Food Service Operation and Employee Social and Recreation Funds,* as a replacement to the postal manual regulations that formerly covered the EWC's activities. Under the contract procedures P–29 was placed in effect in the Miami Post Office in May 1973.

Under P–29, the postmaster was delegated the responsibility "for proper operation of social and recreational fund activities . . . in facilities under [his] control . . ."[3] The P–29 also established an Employees' Social and Recreational Committee (ESRC), which was to be the successor to the EWC under the new system.

To carry out the mandates of P–29 Postmaster Daws initiated an interim plan for servicing vending machines and concessions. He contracted machine and concession operation to the Coca-Cola Company for a sixty-day period. In addition he impounded the EWC vending machines, funds, and other property, and initiated action to dissolve the EWC.

EWC brings this action under 39 U.S.C. § 409 and 28 U.S.C. §§ 1339 and 1346(b), claiming that Daws and the United States Postal Service tortiously converted its assets without accounting therefor. It further complains that it was abolished and replaced by executive fiat. It contends that this could have been done lawfully only by action of EWC itself, which it characterizes as an unincorporated association.

Daws, the United States government and the United States Postal Service urge that dismissal was proper for two reasons.[4] First, they contend that EWC is part and parcel of the United States Postal Service

---

**2.** This action is a refiling of a previously dismissed action. The original action was dismissed because the court concluded that this was an action for the National Labor Relations Board, but if the NLRB refused jurisdiction then the action could be refiled in federal district court. Four separate charges were filed against the United States Postal Service with the NLRB. The Regional Director refused to issue a complaint on EWC's charge because it is not a labor organization as defined by the Act and deferred administrative action on the remaining three charges in accordance with *Collyer Insulated Wire,* 192 N.L.R.B. 837 (1971). No appeal was taken from the Regional Director's decision. The EWC and individual employees then refiled in district court. The postmaster again filed a motion to dismiss, which was granted, and the plaintiffs were given ten days to file an amended complaint nam-

ing the United States and the United States Postal Service as defendants, which was done. The defendants proceeded to file yet another motion to dismiss, which was again granted without prejudice. The case is now before us on the district court's order granting this last motion to dismiss.

**3.** P–29 Handbook, § 120.

**4.** Appellees present other arguments in support of dismissal, but our affirmance on these two grounds makes it unnecessary that we consider the other arguments.

and as an arm of an agency of the United States government cannot bring suit against the government or specifically the Postal Service. Second, they say that jurisdiction over this action does not exist under 28 U.S.C. § 1346(b). We agree with both contentions and affirm the district court's dismissal of EWC's amended complaint.

Whether the EWC is an instrumentality of the Postal Service *vel non* was resolved in *Automatic Retailers of America, Inc. v. Ruppert*, 269 F.Supp. 588 (S.D.Iowa 1967). The court was correctly guided by the language of the United States Supreme Court in *Standard Oil Co. of California v. Johnson*, 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611 (1942). We find it unnecessary to expand on the logic and soundness of the decision reached[5] in *Automatic Retailers*, 269 F.Supp. at 591 ". . . it is apparent that Employee Welfare Committees are 'integral parts' of the Post Office Department."

In its complaint EWC sought relief under 28 U.S.C. § 1346(b). Although the Federal Tort Claims Act allows suits against the government for torts committed by its employees while in the scope of their employment, it specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by that agency as a prerequisite to suit under the Act. *See Childers v. United States*, 442 F.2d 1299 (5th Cir.), *cert. denied*, 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971); *Szyka v. U.S. Secretary of Defense*, 525 F.2d 62 (2d Cir. 1975); *Portis v. United States*, 483 F.2d 670 (4th Cir. 1973); *Altman*

*v. Connally*, 456 F.2d 1114 (2d Cir. 1972). The requirement is jurisdictional and cannot be waived. *Bialowas v. United States*, 443 F.2d 1047 (3rd Cir. 1971). There is nothing in the record that indicates compliance by the EWC with this requirement.[6] Even if EWC had status to make such a claim, the district court would have lacked jurisdiction to grant it relief under FTCA.

AFFIRMED.

---

5. Similar logic has been applied by other courts to conclude that analogous committees established by other government agencies are instrumentalities of the government. *See e. g., Nimro v. Davis*, 92 U.S.App.D.C. 293, 204 F.2d 734, *cert. denied*, 346 U.S. 901, 74 S.Ct. 229, 98 L.Ed. 401 (1953); *Bramblett v. Desobry*, 490 F.2d 405 (6th Cir.), *cert. denied*, 419 U.S. 872, 95 S.Ct. 133, 42 L.Ed.2d 111 (1974); *United States v. Jackson*, 436 F.2d 39 (9th Cir. 1970), *cert. denied*, 403 U.S. 906, 91 S.Ct. 2209, 29 L.Ed.2d 682 (1971).

6. EWC, in its brief, contends that "[i]t made its claim to defendant and defendant in its letter of May 3, 1975 . . . emphatically denied it, . . ." and that this satisfies the jurisdictional requirement of exhaustion of administrative remedies. It simply does not. There must be proof of timely written notice of the claim to the appropriate agency, which appears of record. *See Walker v. United States*, 438 F.Supp. 251 (S.D.Ga.1977); *Young v. United States*, 372 F.Supp. 736 (S.D.Ga.1974).