**Charles McCLOSKEY, et al.**

**v.**

**U. S. POSTAL SERVICE.**

**Civ. A. No. 82–0361.**

United States District Court,
E. D. Pennsylvania.

March 19, 1982.

John J. Connors, Southampton, Pa., for plaintiff.

### MEMORANDUM

GILES, District Judge.

This suit for slip-and-fall injuries is brought under the Federal Torts Claim Act, (FTCA), 28 U.S.C. §§ 2671–2680. For the reasons which follow, the suit will be dismissed for lack of subject-matter jurisdiction.

An FTCA suit cannot be instituted "unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). If the agency fails to dispose of the action in six months, the plaintiff may deem the claim denied. *Id.; see Pennsylvania v. National Association of Flood Insurers*, 520 F.2d 11, 23 (3d Cir. 1975), *overruled in part on other grounds, Pennsylvania v. Porter*, 659 F.2d 306, 318 & n.16 (3d Cir. 1981), *petition for cert. filed*, 50 U.S.L.W. 3175 (U.S. Aug. 28, 1981) (No. 81–465). These requirements of administrative exhaustion and finality[1] are to be strictly construed because the FTCA is an exception to sovereign immunity.

In this case, the original complaint mentioned neither exhaustion nor finality. I immediately ordered plaintiffs to amend. *See* Order dated Jan. 29, 1982. The Amended Complaint ¶ 5 states that a claim was presented "in October, 1981," and that "it is believed and therefore averred that the Post Office *is denying* liability." (Emphasis added). The use of the present participle refers to action currently in progress. *See, e.g.*, B. Evans & C. Evans, *A Dictionary of Contemporary American Usage*, 353 (1957); *id.* 394 (progressive tenses). Thus, from plaintiff's complaint, it is evident that no final disposition has been made. Furthermore, because less than six months have

---

**1.** Technically, "exhaustion" refers to the requirement of presentation of the claim, while "finality" refers to the requirement of final disposition. See *Bethlehem Steel Corp. v. Environmental Protection Agency*, 669 F.2d 903 at 908 (3d Cir. 1982).

elapsed since the claim was filed, plaintiff may not deem the claim denied. Because finality is a jurisdictional prerequisite,[2] this complaint must be dismissed for lack of subject-matter jurisdiction.

Dismissal, of course, is without prejudice to bringing a later, separate action if the claim is later denied. Counsel's attention also is directed to Fed.R.Civ.Pro. 4(d)(4)–(5), which specifies how service must be made upon the United States and its agencies.

---

**2.** *See, e.g., Employees Welfare Comm. v. Daws,* 599 F.2d 1375, 1378 (5th Cir. 1979); *Three-M Enters., Inc. v. United States,* 548 F.2d 293, 294–95 (10th Cir. 1977); *National Ass'n. of Flood Insurers,* 520 F.2d at 23–24; *Altman v. Connally,* 456 F.2d 1114, 1115–16 (2d Cir. 1972) (complaint must allege exhaustion and finality); *Bialowas v. United States,* 443 F.2d 1047, 1048–49 (3d Cir. 1971). *See generally* Annot., 13 A.L.R. Fed. 762 (1972 & supp. 1981).